14   375
15    47.
36*  450
38*  224

## BROOKE, RESPONDENT, *v.* JORDAN, APPELLANT.

[Submitted August 9, 1893.  Decided April 30, 1894.]

EVIDENCE—*Lost deed—Hearsay.*—The introduction in evidence of the record of the probate court reciting the execution and delivery by the probate judge of a deed of a lot, accompanied by testimony of the grantee's attorney that he placed the deed in his safe at the request of the grantee; that his office was afterwards burglarized and the deed and other papers abstracted from the safe, and that he had on several occasions made diligent but unavailing search in his office, and also at the grantee's house and other places to find said deed, constitutes a sufficient foundation for proof of the contents of such lost deed. And such sufficient foundation being laid, testimony by such attorney that the person who robbed the safe confessed to having burned all the papers, while objectionable as hearsay, would not be ground for reversal.

TOWNSITE—*Survey.*—Although certain lots were not laid off and platted by a certain survey as part of the original townsite of Helena this fact did not render such lots open to appropriation and entry as public land, where the *locus in quo* was within the townsite as entered and patented by the probate judge.

*Appeal from First Judicial District, Lewis and Clarke County.*

EJECTMENT to recover possession of town lots.  The cause was tried before BUCK, J.  Plaintiff had judgment below. Affirmed.

*T. J. Walsh,* for Appellant.

Some evidence was given from which it might be inferred that the deed may have been destroyed, but unless the evidence is conclusive of destruction, proof of search must be made. (*Jackson* v. *Hasbrouck,* 12 Johns. 192.)  Under the authorities it is indispensable that the heirs or personal representatives, in case the grantee is dead, should be called to testify to having searched for the missing deed, or their failure to testify must be explained. (Wharton on Evidence, 144.)  The lack of their testimony is not supplied by the testimony of Shober to the effect that they had searched.  (*Taunton Bank* v. *Richard-*

*son,* 5. Pick. 443; *Parkins* v. *Corbett,* 1 Car. & P. 282.) The trial took place in April, 1892. The last search made by the witness for the deed was in 1888 or 1889. This was altogether too remote. (*Porter* v. *Wilson,* 13 Pa. St. 641.) Proof of due execution is an essential prerequisite to the introduction of secondary evidence of the contents of a lost deed. (*Porter* v. *Wilson,* 13 Pa. St. 641; *Perry* v. *Roberts,* 17 Mo. 36; *Loftin* v. *Loftin,* 96 N. C. 94.) There must be clear and satisfactory evidence of the genuineness of the signature. (*Slone* v. *Thomas,* 12 Pa. St. 209; *Potts* v. *Coleman,* 86 Ala. 94.) The contents of the deed must be clearly established. (*Lampe* v. *Kennedy,* 56 Wis. 249; *Elwell* v. *Walker,* 52 Iowa, 256; *Wakefield* v. *Day,* 41 Minn. 344; *Edwards* v. *Noyes,* 65 N. Y. 125.) Hearsay is not admissible upon this issue any more than upon any other. (Phillips on Evidence, 517.)

*Shober & Rasch,* for Respondent.

The sufficiency of the preliminary proof to lay a foundation for the introduction of a lost instrument rests in the sound discretion of the court. The object of the proof is merely to establish a reasonable presumption of the loss of the instrument. (1 Greenleaf on Evidence, par. 558; 13 Am. & Eng. Ency. of Law, 1088; *Conoly* v. *Gayle,* 61 Ala. 116; *Camden* v. *Belgrade,* 78 Me. 204; *Graham* v. *Campbell,* 56 Ga. 258; *McCulloh* v. *Hoffman,* 73 N. Y. 615.) All that is required is reasonable diligence to obtain the original. (*Minor* v. *Tillotson,* 7 Pet. 99; *Jernigan* v. *State,* 81 Ala. 58.) The testimony shows that diligent but unsuccessful search was made in all places where, if it were still in existence, it should have been found. The search was resumed after plaintiff's death with no better result. Its loss will be presumed. (*Fretwell* v. *Morrow,* 7 Ga. 264; *Vaughn* v. *Biggers,* 6 Ga. 188.) Testimony by the proper custodian of a deed that he has searched for it and cannot find it opens the door for the admission of secondary evidence. (*Woody* v. *Dean,* 24 S. C. 499; *Postel* v. *Palmer,* 71 Iowa, 157.) The secondary evidence having been admitted, it became the province of the jury to judge of its credit and weight. It took the place of primary evidence and was entitled to the same consideration. (*Bagley* v. *McMickle,*

9 Cal. 430; *Graham* v. *Campbell*, 56 Ga. 258.) The question as to the proper proof of the regular execution of the instrument, and the particularity of the testimony to establish its contents has been passed upon by various courts, where it was held that when a deed to real estate has been lost, and its loss and the contents thereof have been established, it will be presumed that it was executed in accordance with the formalities required by law. (*Christy* v. *Burch*, 25 Fla. 942; *Parks* v. *Caudle*, 58 Tex. 216; *Congdon* v. *Morgan*, 14 S. C. 587; *Heacock* v. *Lubuke*, 107 Ill. 396.)

Per CURIAM.—By this action in the nature of ejectment plaintiff seeks to recover possession of lots 9 and 10, block 64, of the city of Helena, whereof he alleges in his complaint ownership in fee and right of possession at all times since July 1, 1886, on which date, while plaintiff was such owner, and entitled to possession of said premises, defendant wrongfully entered and took possession of the same, and has ever since wrongfully withheld possession thereof from plaintiff, to his damage in the sum of fifty dollars; wherefore plaintiff demands judgment for possession, damages, and costs.

The issue raised by the answer of defendant is correctly stated in the brief of his counsel, as follows: "Defendant denies plaintiff's title, and alleges that the *locus in quo* is not a part of the original townsite of Helena, but of the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of sec. 36, tp. 10 N., R. 4 W., of which defendant is the owner."

Before the trial plaintiff departed this life, and his administrators were substituted as plaintiffs in the action.

Upon the verdict returned by the jury judgment was entered in favor of plaintiff for recovery of possession of the premises described, one dollar damages, and costs; and defendant's motion for new trial was overruled, and he appealed from that order and the judgment.

The record raises for determination the following points:

1. It appears that decedent's title to lot 10 of said block was shown by the introduction of a deed of conveyance thereof, duly executed and delivered to him by the probate judge of Lewis and Clarke county, who held title to said townsite as

trustee. But to establish title to lot 9 in decedent it was sought to prove the contents of a deed claimed to have also been executed and delivered by said trustee, conveying said lot 9 to plaintiff, which deed was lost before the same was recorded. After certain preliminary proof was introduced as to the execution and delivery of said deed conveying lot 9 to decedent, the court permitted proof of its contents. On this point it is contended by appellant that sufficient foundation had not been laid for proof of the contents of the alleged deed as a lost instrument, because the evidence did not show sufficient search therefor to authorize the proof of its contents. The evidence produced on behalf of plaintiff in this regard is: 1. A record of the probate court, introduced in evidence without objection, which record recites that a deed of conveyance of said lot 9, block 64, of the townsite of Helena, was executed and delivered by the probate judge conveying the same to Benjamin C. Brooke on December 21, 1875; and 2. The testimony of witness John H. Shober, Esq., was introduced on behalf of plaintiff, to the effect that said deed was put into his custody by decedent, along with other papers for safe-keeping; that said witness, a lawyer by profession, carefully examined said deed at the solicitation of decedent, and from such examination testifies that the instrument was a good and sufficient deed of conveyance of said lot duly executed by said probate judge as grantor, to the decedent, Benjamin C. Brooke, grantee; that witness put into his safe said deed, with other documents belonging to decedent, for safe-keeping; that afterwards the office of witness Shober was burglarized, and his safe broken open, and certain papers and documents belonging to himself, as well as papers and documents belonging to decedent, were abstracted from said safe, and the deed in question could not be found after that event. As to search for said deed, this witness testifies that he made diligent search therefor in his office, on several occasions, at the request of decedent, and on other occasions decedent and witness searched in the latter's office together for said deed; and that they also went together and searched diligently therefor in the house of decedent; that, after Benjamin C. Brooke departed this life, witness Shober, along with one of the administrators of decedent, and also an heir of the dece-

dent, again made diligent search for said lost deed in places where they thought it might be found, which last search was made nine or ten months before the trial of this action. Said heir also testified to the fact of making the search last mentioned, and each witness testified that such diligent searching was unavailing to find said deed.

Witness Shober, while giving his testimony, stated that the person who burglarized his office, and abstracted from his safe certain papers, was an individual employed to take care of said office, and that, after arrest upon the charge of such burglary, said person confessed the same, and said he burned all the papers he took from the witness' safe. Defendant moved the court to strike out the statement of witness as to what said burglar confessed in regard to his disposition of the papers taken, which motion was overruled, and that ruling of the court is made the basis of an assignment of error, which assignment may conveniently be considered along with the main question as to the sufficiency of proof of the loss of said deed.

While the testimony of the witness as to what said person stated in respect to his disposition of the papers and documents taken from the office of witness Shober was hearsay, and, like many remarks made by witnesses, was objectionable from a technical point of view, still its effect was not so prejudicial as to be ground for reversal. At most, that statement bears upon the question of the loss or destruction of said deed, to lay the foundation for proof of its contents, which is a question addressed to the court as a matter of law. Whether sufficient foundation was laid for proof of the contents of said instrument is a question of law for the court to decide; and we are fully satisfied that the evidence produced, independently of the objectionable statement, was sufficient to justify the court in allowing proof of the contents of the lost instrument. The objectionable statement of the witness, therefore, being entirely addressed to the court, on a point fully supported, without regard thereto, was undoubtedly put out of consideration by the court in passing upon the point in question, as fully as though the court had excluded or stricken out said hearsay statement. Indeed, there was nothing in that statement to exclude from the jury, because there was nothing therein for

the jury to consider.    Both the major and minor assignments mentioned are untenable.

It is further contended by appellant that the evidence offered on the part of plaintiff is insufficient to support the verdict, in that there is no proof that the lots in question are situate within the townsite of Helena, "according to the lines of said townsite established by the survey of Wheaton." While this may be true, the proof is clear and positive, by the testimony of surveyors showing competency and personal knowledge, that the lots in question are within the townsite of Helena as entered by the probate judge, trustee in that behalf, as shown by the patent issued to him therefor; and the evidence is equally positive that said lots in question do not lie within the parcel of ground described in the answer, by subdivisions of the United States survey, and alleged to be the property of defendant.    All that appellant's point amounts to in this regard, therefore, is that, if those lots were not laid off and platted by Wheaton as part of the townsite of Helena defendant was at liberty to enter and appropriate them to his own use, notwithstanding said lots were a part of said townsite, and duly laid off and platted by authority of the proper public agents, but not by Wheaton, who appears to have first surveyed and platted at least a part of said townsite.    The title of parties to parcels of land running to them from the United States by patent through mesne conveyances is not interrupted, broken, or divested, because, forsooth, the surveyor who surveyed or platted the same was of one name or another, so that the land in question is clearly and exactly identified, as in the present case.

It is further insisted by appellant that the court committed errors in giving and refusing certain instructions.    This is equally untenable.    The instructions, as given to the jury, fairly and adequately state the law applicable to the case, as developed in the pleadings and proof of the respective parties. There is no merit in the appeal.    The judgment and order overruling defendant's motion for a new trial will therefore be affirmed.

*Affirmed.*

All concur.