NEILL ET AL., RESPONDENTS, v. JORDAN, APPELLANT.

[Submitted May 28, 1894. Decided October 8, 1894.]

TOWNSITES—*Boundary lines—Survey.*—A boundary line of a townsite established by a surveyor appointed to survey and plat a townsite granted to the probate judge as trustee, should not be held as officially fixed by virtue of such survey, so as to enable the owner of adjoining land to shift his boundary line from that fixed by a government survey, to that of the townsite surveyor, and thereby claim the intervening land.

SAME—*Instructions—Harmless error.*—Error in an instruction is harmless where the court, in stating generally that the main issue presented was whether the land in controversy was situated within the townsite as granted to the probate judge, or in the section as described in defendant's answer, inadvertently misdescribed the land wherein defendant by answer claimed the tract in controversy was situated.

*Appeal from First Judicial District, Lewis and Clarke County.*

EJECTMENT to recover possession of town lots. The cause was tried before BUCK, J. Plaintiffs had judgment below. Affirmed.

*T. J. Walsh,* for Appellant.

*Smith & Word,* for Respondents.

Per CURIAM.—The issue in this case, as well as the questions presented by this appeal, is similar to those heretofore considered and determined in the case of *Brooke* v. *Jordan*, 14 Mont. 375, in which case last mentioned a motion for rehearing was filed, and reserved for consideration along with this appeal.

But, on submission of this appeal, appellant's counsel presented, as applicable to both cases, considerations not treated in the former case, as follows: That inasmuch as the establishment of the section lines by the surveyor appointed by the government to survey and sectionize the public domain is held to be final, under the act of Congress and decisions relating to that subject, although there might subsequently be discovered some error in the establishment of such exterior or subdivision section lines as the government surveyor was required to establish by monuments, therefore, by analogy, the surveyor

appointed to survey and plat a townsite granted to the probate judge, as trustee, under the provisions of the law relating to that subject, should be considered as acting officially in platting such townsite; and his establishment of a boundary line, such as the west boundary of the townsite, should be held as finally fixing that boundary line, although the plat fell short of the section line, which, in fact, bounded on the west the land granted for townsite purposes; hence, that the holder of adjoining land could. shift his boundary line from that fixed by the government survey, down to the so-called boundary of the townsite fixed by the townsite surveyor, and claim the intervening land. On the same theory we suppose that if the surveyor of the townsite should overreach the limits of the land granted for townsite purposes, and plat ground in some adjoining piece owned by a private individual, the act of the townsite surveyor would be final, and divest such individual of his land so platted, because the surveyor of the townsite acted in an official or *quasi* official relation in platting the same; and we suppose, on the same theory, if only a ·part of the land granted for townsite purposes were platted by the surveyor appointed for that purpose, that would fix and determine the area of the townsite, although it fell far short of extending to the limits granted for townsite purposes, and owners adjoining the townsite could move their lines up to the line where the surveyor ceased to plat the townsite. We think the deductions counsel for appellant seeks to have adopted on this point are somewhat specious, and the force of the same is destroyed by his own contention, supported by citations, that the section lines established by the government survey are held to be the proper *criteria* for settling disputes as to the *locus in quo* of various tracts of land. We still think the true exterior and subdivision section lines established by the government survey, and ascertained by competent proof, should govern in deciding a controversy of the character presented in this case.

The court, in stating generally, in its charge to the jury, the issue presented for determination in this case, erroneously described the tract of land wherein defendant, by answer, claimed the lots in controversy were situate. This is assigned by appellant as error; but the error was palpably inadvertent,

and, we think, entirely unprejudicial to defendant. It is plain, from reading the instructions, that the court was merely saying to the jury that the main issue in the case was whether the land in controversy was situated in the townsite of Helena, as granted to the probate judge, as trustee, or over in the subdivision of the section owned by defendant, as described in his answer; and, if the jury had found for defendant, its finding, of course, would have been referred to the issue presented by the pleadings, which, in effect, would have been that the land in controversy was situate in defendant's tract of land, as described in his answer.

The judgment and the order overruling defendant's motion for new trial will therefore be affirmed.

*Affirmed.*